NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10249 |
| Plaintiff-Appellee, | D.C. No.<br>2:99-cr-00433-WBS-AC-7 |
| v. | |
| HOANG AI LE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 18, 2021**
San Francisco, California

Before:  BADE and BUMATAY, Circuit Judges, and SESSIONS,*** District
Judge.

Hoang Ai Le appeals the district court's sentence of 240 months'

imprisonment for his conviction for conspiracy to commit robbery under the Hobbs

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Act, 18 U.S.C. § 1951. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we vacate Le's sentence and remand for resentencing.

1. The district court applied § 2B3.1 of the United States Sentencing Guidelines ("Guidelines") in calculating Le's base offense level. Le argues that the district court applied the incorrect Guideline and should have applied § 2X1.1, the default Guideline for inchoate offenses such as conspiracies. Le argues that, by failing to apply § 2X1.1, the district court did not consider and thus did not award Le a three-level downward adjustment under § 2X1.1(b)(2) for incomplete conspiracies, an error which may have increased his sentence and constituted plain error. We agree.

We review the district court's sentencing decision for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). If the district court improperly calculates the Guidelines range or bases its decision on clearly erroneous facts, it abuses its discretion. *Id.* We review for plain error when a defendant fails to object at sentencing to the district court's implementation of the Guidelines. *See United States v. Lloyd*, 807 F.3d 1128, 1139 (9th Cir. 2015).

Le was convicted of conspiracy to commit robbery under the Hobbs Act, 18 U.S.C. § 1951. The applicable Guideline for such a crime is § 2X1.1. *United States v. Simon*, 858 F.3d 1289, 1294, 1298 (9th Cir. 2017) (en banc). The district court therefore erred in applying § 2B3.1, the Guideline for a completed robbery.

2

This misapplication constituted plain error because the district court did not consider whether Le was entitled to the three-level reduction under § 2X1.1(b)(2). *United States v. Koziol*, 993 F.3d 1160, 1186 (9th Cir. 2021). Because the district court did not consider § 2X1.1 and did not make any factual findings concerning whether Le was entitled to a three-level reduction under § 2X1.1(b)(2), there is "at least a reasonable probability that the district court would have imposed a three-level reduction had it imposed the correct Sentencing Guideline." *Id.* This error may have increased Le's sentence and thus affected Le's "substantial rights and the integrity of the judicial proceedings." *Id.* We accordingly vacate Le's sentence and remand to the district court for resentencing.

2. Le also argues that the district court erred in imposing a three-level role enhancement under § 3B1.1(b). "To qualify for a three-level sentencing enhancement under § 3B1.1(b), a defendant must have managed or supervised one or more other 'participants' in an extensive criminal activity." *United States v. Gagarin*, 950 F.3d 596, 606 (9th Cir. 2020). "In particular, 'there must be evidence that the defendant exercised some control over others involved in commission of the offense [or was] responsible for organizing others for the purpose of carrying out the crime." *Id.* (alteration in original) (quoting *United States v. Gadson*, 763 F.3d 1189, 1222 (9th Cir. 2014)). The district court found that a role enhancement under § 3B1.1(b) was warranted because there was a

"clear inference" that Le "met with other defendants and helped to plan the . . . robbery, and further, that he played a leadership role in that robbery." The district court also concluded that, based on the evidence in the record, there was a "fair, reasonable inference, and it [was] most probable that Le was the one in charge of" one of the two robbery crews. Le argues that the role enhancement was erroneous because there is no evidence in the record that he exercised control over any of the other crew members.

We review a district court's "determination whether the defendant qualifies for a role adjustment" under the Guidelines for clear error. *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000). "Review under the clearly erroneous standard is deferential, 'requiring for reversal a definite and firm conviction that a mistake has been made.'" *Id.* (quoting *United States v. Palafox-Mazon*, 198 F.3d 1182, 1186 (9th Cir. 2000)). "An increase of offense level for an aggravating role is appropriate if there is sufficient evidence to support a finding that the defendant occupied one of the . . . specified roles." *Id.* "When a defendant supervises other participants, she or he need exercise authority over only one of the other participants to merit the adjustment," and a "single incident of persons acting under a defendant's direction is sufficient evidence to support a . . . role enhancement." *Id.* "Although '[i]t is not necessary that the district court make specific findings of fact to justify the imposition of the role enhancement,' there

4

must be sufficient evidence in the record to support the enhancement." *Gagarin*, 950 F.3d 596, 606 (9th Cir. 2020) (alteration in original) (quoting *United States v. Holden*, 908 F.3d 395, 401 (9th Cir. 2018)).

The district court did not commit clear error in imposing the role enhancement. The record supports that Le was a high-ranking member of the conspiracy, he was present at a planning meeting for the robbery, he was introduced and singled out by another member of the conspiracy for his role in one of the crews, and one of the teams was referred to as Le "and his crew." This evidence was sufficient to support the district court's imposition of the role enhancement. *See id.*; *United States v. Koenig*, 952 F.2d 267, 274 (9th Cir. 1991). The district court's findings were plausible and not illogical, so the district court did not commit clear error in imposing the role enhancement. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014); *United States v. Yi*, 704 F.3d 800, 805 (9th Cir. 2013). Accordingly, we affirm the district court's imposition of a role enhancement under § 3B1.1(b).

**Sentence VACATED in part and AFFIRMED in part and REMANDED for resentencing.**